UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22491-CIV-LENARD
MAGISTRATE JUDGE P. A. WHITE

GIOVANNI SAIRRAS,                          :

      Plaintiff,                      :

v.                                         :        REPORT OF
                                                    MAGISTRATE JUDGE
JONATHAN SCHLEFFER, ET AL.,                :

      Defendants.                     :
_____          :


I.   Introduction

The plaintiff Giovanni Sairras, currently housed at the South Bay Correctional Facility, has filed a second pro se civil rights complaint for damages pursuant to 42 U.S.C §1983 and Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens")[1]. [DE# 1]. [2]

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915.


II.   Analysis

_____

[1]   The plaintiff filed this civil action on a standard form for 42 U.S.C. §1983 complaints.  Jurisdiction for this case cannot be based entirely on 42 U.S.C. §1983, as that statute provides a mechanism to raise constitutional claims against state, not federal, actors.  The named defendants in this case are federal actors.  The Complaint against the federal actors is a classic civil action brought pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), as the plaintiff raises claims of constitutional violations against individual federal actors. (1981).


[2]His initial complaint, case no. 07-23295-Civ-Gold contained many of the same allegations and defendants. The complaint was considered time barred and dismissed for failure to state a claim.

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

*   *   *

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

*   *   *

(B) the action or appeal –

*   *   *

(i)  is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief from a defendant who is immune from such relief.

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of

2

Federal Rule of Civil Procedure 12(b)(6)").  When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).  An action is considered "frivolous" if it is "without arguable merit either in law or fact."  Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, the federal rules do require "a short and plain statement" of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  See Fed.R.Civ.P. 8(a); Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11 Cir. 2001), cert. denied, 534 U.S. 1129 (2002).  While notice pleading does not require the complainant to allege a fact to cover every element of a claim, "it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  Id. (quotations and citations omitted).  "Pro se

3

pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11 Cir. 1998).

The plaintiff seeks to sue the following defendants:

1.   Jonathan Schleffer, DEA Group Supervisor
2.   Richard Webber, Group Supervisory DEA
3.   Karry Evans, DEA Co-Lead Special Agent
4.   Shawn Perry DEA special agent
5.   James Deleo, special agent DEA
6.   Patrick Craddock- special agent DEA
7.   Richard Larocca- special agent DEA
8.   Paul Maxwell- special agent DEA

The Complaint raises the following allegations: The plaintiff, a Surinam citizen with lawful permanent residency status in the United States, was arrested on May 20, 2003, on drug trafficking and aggravated battery on a law enforcement agent charges.  The battery charge was dropped the following day at an arraignment, and the plaintiff was convicted on May 17, 2005, following a jury trial on the drug trafficking charges.  The plaintiff alleges that on the day of arrest, Agent Bartelt engaged in racially motivated excessive force, while Perry and Evans watched, but failed to intervene. He claims that he was never brought before a Federal Magistrate Judge following his arrest by the DEA to be informed of charges for a probable cause hearing for the federal investigation launched against him, and was never presented with a federal indictment. He further claims his cell phone lines, as well as those of family and friends were tapped, and the illegally obtained wiretaps were presented at his trial.

He claims that although these claims are time barred he should be granted equitable tolling. He claims his attorney misrepresented to him in 2005 that there was a strong possibility he would be indicated by the federal government, and that counsel misadvised him not to pursue a civil action against the DEA agents at that time. He claims he discovered in May, 2009, there no was joint task force agreement between DEA and Metro Dade, suggesting he was still under federal jurisdiction following his arrest, proving that he should have been brought before a Federal Magistrate Judge, following his arrest. He claims someone removed these missing documents intentionally, possibly his appellate counsel.

The plaintiff alleges that Schleffer, a DEA Supervisor, failed to ensure that his rights were protected when the other agents violated his rights by using excessive force.  He further alleges that Schleffer and Webber properly failed to supervise their agents in relation to his unlawful arrest, false imprisonment and wiretapping, and failed to protect him from the use of unlawful force. The remaining defendants failed to bring him before a Federal Magistrate, failed to protect him from "evil" interrogation tactics, and conducted unwarranted wiretaps. The plaintiff seeks monetary damages.

<u>Statute of Limitations</u>

The plaintiff alleges that Schleffer, Perry, Evans, Webber, Deleo, Evans, Craddock, Larocca, and Maxwell violated his rights . The Complaint against these individuals is untimely, as it was filed more than four years after the events occurred.

The Complaint, construed as filed pursuant to 42 U.S. §1983 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of</u>

Narcotics, 403 U.S. 388 (1971), is governed by Florida's limitations period of four years. A district court may sua sponte dismiss a pro se civil rights action for failure to state a claim pursuant to 28 U.S.C. §1915(e) on grounds that the face of the complaint clearly establishes that it is barred by the applicable statute of limitations. See Pino v. Ryan, 49 F.3d 51 (2 Cir. 1995). The plaintiff had four years from March 20, 2003 to file a civil action, and missed the deadline by filing his complaint with the Clerk of Court on August 18, 2009.[3]

In Wilson v. Garcia, 471 U.S. 261 (1985), the Supreme Court held that the length of the limitations period in actions pursuant to 42 U.S.C. §1983, and the closely related questions of tolling and applications, are to be governed by state law. The Court further held that these cases are best characterized as personal injury actions. Such claims in Florida are governed by Fla.Stat. §95.11(3)(a), actions founded on negligence, or Fla.Stat. §95.11(3)(o), actions for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or other intentional tort, except as provided in other sections. Both of these sections establish four year periods of limitations.

_____

[3] Although the complaint was actually filed on August 25, 2009, the plaintiff signed the complaint on August 18, 2009, and it is deemed filed on this earlier date, presumably the date the plaintiff handed the document to prison officials for mailing to the Court. Unlike "free world" litigants, the date an incarcerated individual "files" a complaint is the date it is delivered to prison authorities for mailing. Garvey v. Vaughn, 993 F.2d 776 (11 Cir. 1993). The Garvey Court held that the so-called "mailbox rule" announced in Houston v. Lack, 487 U.S. 266 (1988) applies not only to notices of appeal, but to complaints in 42 U.S.C. §1983 actions, in Federal Tort Claims Act cases, and in Bivens actions. Id.

Later, the Supreme Court decided <u>Owens v. Okure</u>, 488 U.S. 235 (1989), which held that when a State has multiple statutes of limitations for personal injury actions as does Florida, courts considering §1983 claims should borrow the State's general or residual personal injury statute of limitations.  In Florida, this is <u>Fla.Stat.</u> §95.11(3)(p), four years for actions not specifically provided for.  The Supreme Court has also held that a federal court applying a state statute of limitations to an inmate's federal civil rights action should also apply any state statute tolling the limitations period for prisoners. <u>Hardin v. Straub</u>, 490 U.S. 536 (1989).  Florida has a general tolling statute, <u>Fla.Stat.</u> §95.051, but it does not toll limitations periods for prisoners.

Thus, the length of the limitations period, determined by state law, is four years.  The uniform rule in computing time periods is that the first day of the period is excluded from the computation, and the last day is included. <u>McMillen v. Hamilton</u>, 48 So.2d 162 (Fla. 1950); <u>Fla.R.Civ.P.</u> 1.090(a).  Because the plaintiff's injuries allegedly occurred on March 20, 2003, his last day to file a civil action was March 20, 2007.  The complaint in this case was filed beyond the expiration of the four year period of limitations.

The plaintiff claims he should be exempted from the limitation period because he is entitled to equitable tolling. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11 Cir. 1999).  Equitable tolling is only proper on the court's "finding [that] an inequitable event . . . prevented plaintiff's timely action," and the plaintiff bears the

burden of proof.   See also Penoyer v. Briggs, 2006 WL 3392755 (11 Cir. 2006).

The plaintiff claims  he did not know that he was allegedly under federal jurisdiction, until he found missing documents while pursuing habeas corpus relief. A cause of action does not accrue until the plaintiff knows or has reason to know that he has been injured and is aware of who inflicted the injury. Mullinax v. McElhenney, 817 F.2d 711, 716 (11 Cir. 1987) (addressing cause of action under §1983).  Here, it is clear from the face of the Complaint that the plaintiff's alleged injury occurred on March 20, 2003, and that he was aware of who inflicted the injury at that time.

Thus, the plaintiff's cause of action against the defendants in this case accrued on March 20, 2003, and he had four years from that date in which to file his complaint. The fact that the plaintiff was given advice not to file a civil action or may not have been aware of any possible legal recourse at that time does not change this fact or toll the limitations period. See Quina v. Owens-Corning Fiberglas Corp., 575 F.2d 1115, 1118 (5 Cir. 1978) (noting that ignorance of legal rights does not toll the statute of limitations).  The plaintiff was certainly aware of his constitutional rights when allegedly unlawful force was used. Further, he states that the "illegally obtained wiretaps" were introduced at his trial during May of 2005. [4] Lastly, in the unlikely event that the plaintiff was never apprised of the probable cause leading to his arrest, he should have known that or

---

[4]An attack upon evidence presented at trial is barred by Heck v Humphrey, 512 U.S. 477, 486-487 (1994) as it challenges the validity of the plaintiff's conviction. This claim may only be brought if the conviction is overturned or declared invalid.

been made aware of that by counsel at the time of his arrest.  It is clear that the plaintiff has not met the "extraordinary circumstances" to permit equitable tolling.


III.   <u>Recommendation</u>


Based on the foregoing, it is recommended that the Complaint be dismissed as time barred, and the case be closed.


Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.


Dated this 19th day of November, 2009.


_____
UNITED STATES MAGISTRATE JUDGE


cc:  Giovanni Sairras, <u>Pro Se</u>
     No. M53544   C1-2
     South Bay Correctional Facility
     600 U.S. Highway 27 South
     South Bay, FL 33493