UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22491-CIV-LENARD/WHITE

**GIOVANNI SAIRRAS**,

       Plaintiff,

v.

**JONATHAN SCHLEFFER, et al.**,

       Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE (D.E. 7) AND DISMISSING COMPLAINT

**THIS CAUSE** is before the Court on the Report of the Magistrate Judge ("Report," D.E. 7), issued on November 19, 2009. Plaintiff Giovanni Sairras ("Plaintiff") filed his Objections ("Objections," D.E. 9) on or about December 11, 2009. After an independent review of the Report, the Objections, and the record, the Court finds as follows.

**I.    Background**

On or about August 18, 2009, Plaintiff filed a pro se civil rights complaint ("Complaint," D.E. 1)[1] for damages pursuant to 42 U.S.C. § 1983 ("Section 1983") and Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). (See Report at 1.) The Complaint makes the following allegations. On May 20, 2003,

---

[1] The Report indicates that this is Plaintiff's second such complaint. His initial complaint in Case No. 07-23295-CIV-Gold contained many of the same allegations and defendants. That complaint was considered time barred and dismissed for failure to state a claim upon which relief may be granted. (See Report at 1 n.2.)

federal Drug Enforcement Agency ("DEA") agents arrested Plaintiff, a citizen of Surinam with lawful permanent residency status in the United States, on charges of drug trafficking. He was subsequently transported to a local police station where he was interrogated by a Metro Dade detective who used racial epithets and violently attacked him. According to Plaintiff, Defendants DEA Agents Shawn Perry ("Perry") and Kerry Evans ("Evans") stood just outside the interrogation room while the attack occurred. Plaintiff was subsequently convicted at a jury trial on state charges of drug trafficking and conspiracy to commit drug trafficking, and is now serving a twenty-year sentence.[2] Plaintiff claims he was never brought before a federal Magistrate Judge following his arrest by DEA agents, was never given a probable cause hearing, and was never presented with a federal indictment. Plaintiff also claims that DEA agents illegally obtained wiretaps and recorded conversations on his cell phone and the phone lines of his family and friends. Acknowledging this action was filed after the applicable four-year statute of limitations under Florida law had run, Plaintiff nonetheless believes equitable tolling should apply. In support, he contends his defense counsel advised him in the summer of 2005 that he was likely going to be facing a federal indictment and that the DEA and Metro Dade Police Department had a joint drug task force agreement. Thus, he followed the advice of counsel and did not bring this civil action until now. He also claims that he did not become aware of the lack of a joint task force agreement

---

[2] As set forth in the Report, Plaintiff is currently incarcerated at the South Bay Correctional Facility.

until May 28, 2009, when he discovered such evidence in the State's response to his petition for habeas relief in state court. He believes such evidence was possibly intentionally concealed from him. Plaintiff alleges that Defendant Jonathan Schleffer ("Schleffer"), as a DEA supervisor, and Richard Webber ("Webber") failed to ensure his rights were protected and properly supervise other agents. He asserts the other agents violated his rights by failing to bring him before a federal Magistrate Judge, failing to protect him from "secret and evil" interrogation tactics, and conducting wiretaps without warrants.

## II.     Magistrate Judge's Report

Upon initial screening pursuant to 28 U.S.C. § 1915, the Report recommends Plaintiff's Complaint ("Complaint," D.E. 1), be dismissed as time barred. Applying Florida's four-year statute of limitations and using May 20, 2003,[3] as the date of Plaintiff's alleged injuries, the Report concludes that Plaintiff's Complaint is barred as it was not filed until August 18, 2009. (Report at 7.) The Report further finds that equitable tolling should not apply as Plaintiff was aware of his injuries and who inflicted them as of the date of his arrest and the date when his "illegal" wiretaps were introduced at trial sometime in May 2005. (Id. at 8 (citing Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987).) The Report also finds that whether Plaintiff was possibly given advice not to file a civil action or was unaware of any legal recourse for failing to file does not present the type of extraordinary

---

[3]     The Report appears to contain a typographical error in that it references March 20, 2003, as the date of alleged injury despite discussion in other parts of the Report correctly identifying Plaintiff's date of arrest as May 20, 2003. (See Report at 7; see also id. at 4.)

3

circumstances warranting equitable tolling. (Id. (citing Quina v. Owens-Corning Fiberglass Corp., 575 F.2d 1115, 1118 (5th Cir. 1978)[4].)

### III.     Plaintiff's Objections

In his Objections, Plaintiff concedes the statute of limitations period of four years applies to his case, but argues (a) some of his claims are timely because he first learned he was under federal jurisdiction when a police officer testified as such during his trial on November 15, 2005, and (b) the limitations period should be equitably tolled because counsel misrepresented facts to him regarding the state court's jurisdiction and the existence of a joint task force agreement. Finally, Plaintiff takes issue with the Report's lack of discussion of his unlawful arrest and false imprisonment claims.

### IV.     Discussion

Plaintiff has been granted leave to proceed in forma pauperis (D.E. 6), and his claim must therefore be dismissed if, at any time, the Court determines that "the action or appeal - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language of Section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and the Court will thus apply the standards of Rule 12(b)(6) in evaluating this matter. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

---

[4]     In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

4

A complaint should be dismissed under Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. Ala., 30 F.3d 117, 120 (11th Cir. 1994). In reviewing whether a complaint should be dismissed, the Court accepts the facts alleged in the Complaint as true, and construes all reasonable inferences therefrom in the light most favorable to Plaintiffs. Bank v. Pitt, 928 F.2d 1108, 1109 (11th Cir. 1991). In addition, pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Finally, to survive dismissal under Rule 12(b)(6), a claim need not contain detailed factual allegations, but must provide sufficient grounds to show more than a merely speculative entitlement to relief. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007); Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231-32 (11th Cir. 2000).

Here, as the Magistrate Judge correctly concludes, the applicable statute of limitations period is four years from the time of accrual of Plaintiff's cause of action. See Wilson v. Garcia, 471 U.S. 261, 270-75 (state law dictates limitations period on a Section 1983 claim); see also City of Hialeah v. Rojas, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years").[5] A cause of action accrues "when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent

---

[5] Section 1983 law is generally applied to Bivens actions. See Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995).

regard for his rights"; in other words, Section 1983 actions do not accrue "until the plaintiff knows or has reason to know that he has been injured." Mullinax, 817 F.2d at 716 (citations omitted). Further, a Section 1983 action will not accrue "until the plaintiff is aware or should have been aware who has inflicted the injury." Id. (citations omitted).

The Court adopts the findings of the Magistrate Judge that any claims relating to Plaintiff's arrest or the failure to bring him before a Magistrate Judge are time barred as the statute of limitations began to run on those claims on May 20, 2003. Plaintiff was aware or should have been aware of any claims he had relating to his arrest as of that date. Certainly, any unlawful arrest or false imprisonment claims would have accrued on that date. Plaintiff also should have been aware as of May 20, 2003, of any claims regarding the failure to bring him before a federal Magistrate Judge. Plaintiff acknowledges that he was arrested by federal DEA agents but was later transferred to state custody and charged in state court. Pursuant to the applicable statute of limitations, Plaintiff was required to bring these claims on or before May 20, 2007. Plaintiff's Complaint was filed on August 18, 2009. Thus, his claims are untimely. Any typographical error in the Report regarding the date of arrest is also irrelevant as his claims are barred whether the arrest took place in March or May 2007, and the Magistrate Judge clearly based his determination on Plaintiff's arrest date.

Moreover, in light of the Court's finding that Plaintiff had reason to know of the facts underlying his claims at the time of his arrest, Plaintiff has not established that he is entitled to the "extraordinary remedy" of equitable tolling. See Lawrence v. Fla., 421 F.3d 1221,

1226 (11th Cir. 2005); see also Weldon v. Elec. Data Sys. Corp., 138 Fed. Appx. 136, 138 (11th Cir. 2005) (holding that equitable tolling is not warranted "when the plaintiff does not file [his] action in a timely fashion despite knowing or being in a position reasonably to know that the limitations period is running"). Plaintiff's assertions that counsel advised him not to file his a civil action do not rise to the level of extraordinary circumstances necessary to invoke equitable tolling. See Quina, 575 F.2d at 1118. As a result, Plaintiff's claims relating to his failure to be presented before a Magistrate Judge, interrogation, and arrest are barred as untimely.

Regarding Plaintiff's claims that federal agents used illegal wiretaps, the Court supplements the findings of the Magistrate Judge to the extent the Report finds such claims are time barred. The Report finds Plaintiff's wiretap claims are barred as "Plaintiff states that the 'illegally obtained wiretaps' were introduced at his trial during May of 2005." (Report at 8.) The Report also highlights in a footnote that such claims would be barred by Heck v. Humprey, 512 U.S. 477, 486-87 (1994), since they would necessarily challenge the validity of his conviction, which has not been overturned or otherwise declared invalid. (Id. at 8 n.4.) Although the Complaint does not set forth much detail, Plaintiff states in his Objections that the DEA's illegal wiretap evidence was introduced during his trial in November 2005. (Objections at 3.) Assuming Plaintiff only became aware of the illegal wiretaps once they were introduced at trial, such claims would not be barred by the statute of limitations. Nevertheless, Plaintiff's claims that the State introduced illegally obtained

7

recorded conversations at his trial calls into question the validity of the criminal proceeding against him. See Uboh v. Reno, 141 F.3d 1000, 1006 (11th Cir. 1998) ("Even assuming, as the defendants argue, that Uboh's complaint does not fall within the confines of a constitutional claim for malicious prosecution, there is little doubt that the allegations of fraud and malice with respect to the wiretap and indictment would, if proven, call into doubt the validity and justification of the criminal proceedings that were then pending against Uboh.") Because Plaintiff's allegations necessarily call into question his conviction, these claims are barred by Heck. See 512 U.S. at 487. Accordingly, consistent with this Order, it is **ORDERED AND ADJUDGED** that:

1. The Report of the Magistrate Judge (D.E. 7), issued on November 19, 2009, is **ADOPTED**;

2. Plaintiff's Complaint (D.E. 1), filed on or about August 18, 2009, is **DISMISSED**;

3. All pending motions not otherwise ruled upon are **DENIED AS MOOT**;

4. This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 30th day of March, 2010.

*[signature: Joan A. Lenard]*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**